■ Janusz Lukasinski, Appellant, v First New Amsterdam Realty, LLC, Respondent. [770 NYS2d 307]—

Order, Supreme Court, New York County (Marylin Diamond, J.), entered on or about July 10, 2002, which, to the extent appealed from as limited by the brief, granted defendant's motion for summary judgment dismissing the claims based on common-law negligence and Labor Law § 200, unanimously modified, on the law, to reinstate the negligence cause of action to the extent it relies on the doctrine of res ipsa loquitur and, except as thus modified, affirmed without costs or disbursements.

Plaintiff, an employee of an independent contractor that was in the business of door and window replacement, was ascending a rooftop stairway, tape measure, pen and piece of paper in hand, to gain access to a bulkhead door in order to take its measurements for the purpose of preparing an estimate for its replacement. As plaintiff opened the door with his right hand, the door came off its hinges and fell on him causing him to fall

down the stairs onto the roof and to sustain a fracture of the heel. There had been earlier complaints to the owner that the door was leaking water into the elevator shaft. There was also some evidence of a report to the owner that the door was not closing completely. There was, however, no evidence of notice of any defective hinges.

Plaintiff's Labor Law § 200 claim was properly dismissed since he failed to show that the defendant owner in any way directed, supervised or controlled his activities at the time of the accident (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Blessinger v Estee Lauder Cos.*, 271 AD2d 343 [2000]; *Cruz v Toscano*, 269 AD2d 122, 122-123 [2000]). Taking measurements to provide an estimate is not within the scope of activities protected by the Labor Law (*see Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108, 1109 [1991]). As to his premises liability claim, although there is evidence that defendant was given notice that water was leaking through the door, the record does not indicate that defendant had either actual or constructive notice of any defect in the door's hinges (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646 [1996]; *Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]).

There was, however, a sufficient showing on this record to warrant submission of the case to the trier of fact on a theory of negligence under the doctrine of res ipsa loquitur since, as we have previously held, doors mounted on hinges generally do not fall off in the absence of negligence (*Pavon v Rudin*, 254 AD2d 143 [1998]). "[T]he mere act of opening the door does not make the accident plaintiff's fault or put the door under plaintiff's control" (*id.* at 145). That the elevator mechanic, one week before the accident, had shown the building superintendent where water was coming through the door does not detract from the showing of defendant's exclusive control of the door so as to render the res ipsa doctrine inapplicable. There is no evidence that the mechanic did any work on the door or did anything other than to show that the door was allowing water to enter the building (*see Mejia v New York City Tr. Auth.*, 291 AD2d 225, 227-228 [2002]). Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Marlow, JJ.