■ DAVID NICOTERRA, Appellant, v SCOTT ERIC CLIFFORD et al., Respondents. [784 NYS2d 756]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered July 14, 2003. The order granted defendants' motion to dismiss the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied, the complaint is reinstated and a new trial is granted.

Memorandum: Plaintiff commenced this premises liability action seeking damages for injuries that he allegedly sustained when he slipped and fell on ice outside a tavern. A jury trial was held, and defendants moved to dismiss at the close of plaintiff's proof. We agree with plaintiff that Supreme Court erred in granting the motion. In determining such a motion, "the court must view the evidence in the light most favorable to the nonmovant, 'who must be accorded "every favorable inference which may properly be drawn from the evidence" ' " (*Smolen v Kmart, Inc.* [appeal No. 2], 2 AD3d 1438, 1438 [2003], quoting *Fernandes v Allstate Ins. Co.*, 305 AD2d 1065, 1065 [2003]). We agree with plaintiff that there is a triable issue of fact whether defendants had constructive notice of the icy condition. Plaintiff testified at trial that he saw ice in front of the side door of the tavern at 5:00 P.M. on the day of the incident, and other witnesses testified for plaintiff that the same area was icy at approximately 10:00 P.M., when plaintiff fell. Thus, there is a triable issue of fact whether the icy "condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964 [1996]). Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.