■ DAVID HECKMAN, Appellant, v JAMES A. SKELLY et al., Respondents. [881 NYS2d 576]—

Appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered March 27, 2008 in a personal injury action. The order and judgment granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries to his left leg incurred when a concrete step leading to defendants' residence collapsed. Plaintiff had performed an inspection for a home rehabilitation and improvement company at defendant's residence and was leaving the premises at the time of the accident. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Contrary to plaintiff's contention, the doctrine of res ipsa loquitur does not apply here because it cannot be said that the injury was " 'caused by an agency or instrumentality within the exclusive control of the

defendant[s]' " (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). Indeed, the record establishes that defendants did not own or occupy the residence until nearly 100 years after the house and the front steps were built, and thus any negligence associated with the construction or maintenance of the front steps could be attributable to a previous owner or to the builder (*see Lofstad v S & R Fisheries, Inc.*, 45 AD3d 739, 742 [2007]; *Crosby v Stone*, 137 AD2d 785, 786 [1988], *lv denied* 72 NY2d 807 [1988]).

We further conclude that defendants established as a matter of law that they neither created the dangerous condition nor had actual or constructive notice of it (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pelow v Tri-Main Dev.*, 303 AD2d 940 [2003]), and plaintiff failed to raise a triable issue of fact to defeat the motion (*see generally Zuckerman*, 49 NY2d at 562). Defendants established that the front steps were constructed before they purchased the home and that they were unaware of any problems with the steps. Indeed, plaintiff testified at his deposition that he did not consider the front steps to be a safety concern while he inspected defendants' residence, before the accident occurred. Present—Hurlbutt, J.P., Centra, Peradotto, Carni and Gorski, JJ.