ALLEN BRINK, Respondent, v ANTHONY J. COSTELLO & SON DEVELOPMENT, LLC, et al., Appellants. [886 NYS2d 301]—

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 4, 2008 in a personal injury action. The order denied defendants' motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the amended complaint to the extent that the amended complaint, as amplified by the bill of particulars and supplemental bill of particulars, alleges that defendants created or had actual or constructive notice of the allegedly dangerous condition and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this negligence action alleging that he was injured when a door located in a building owned by defendants fell on him when he opened it. It is undisputed that the door was mounted on hinges and that, when plaintiff pushed the bar on the door in order to exit the building, the door came off the hinges mounted to the door frame and fell onto plaintiff. We conclude that Supreme Court erred in denying that part of defendants' motion for summary judgment dismissing the amended complaint to the extent that the amended complaint, as amplified by the bill of particulars and supplemental bill of particulars, alleges that defendants created the allegedly dangerous condition or had actual or constructive notice of it. Defendants met their burden of establishing their entitlement to judgment as a matter of law with respect to those allegations, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We therefore modify the order accordingly.

We conclude, however, that the court properly denied that part of defendants' motion to the extent that plaintiff relies on the doctrine of res ipsa loquitur in contending that the case should be submitted to a trier of fact to determine the issue of defendants' negligence based on the application of that doctrine. "In a proper case, under the doctrine of res ipsa loquitur, the law allows a [trier of fact] to consider the circumstantial evidence and infer that the defendant was negligent in some unspecified way" (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 205-206 [2006]). When viewing the circumstantial evidence, we conclude on the record before us that there is an issue of fact with respect to defendants' negligence, rendering summary

judgment inappropriate (*see id.* at 211-212). It is well established that the doctrine of res ipsa loquitur may apply to the issue of negligence only in the event that the plaintiff presents evidence of three conditions that would afford a rational basis that " 'it is more likely than not' " that an injury was caused by the defendant's negligence: that the event is "of a kind that ordinarily does not occur in the absence of someone's negligence"; that the event was caused by an instrumentality within the exclusive control of the defendant; and that the event was not "due to any voluntary action or contribution on the part of the plaintiff" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]).

We agree with the First Department that a door mounted on hinges would not generally fall when opened, in the absence of someone's negligence (*see Lukasinski v First New Amsterdam Realty*, 3 AD3d 302, 303 [2004]; *Pavon v Rudin*, 254 AD2d 143 [1998]). Furthermore, the record establishes that there is a question of fact whether the instrumentality, i.e., the door, was within the exclusive control of defendants (*see generally Pavon*, 254 AD2d at 146). Plaintiff merely opened the door, and thus he is not liable for the accident (*see id.* at 145). Although defendants presented evidence that a witness believed that a gust of wind caught the door, causing it to separate from the frame, plaintiff "need not conclusively eliminate the possibility of all other causes of the [accident]" in order to rely on the doctrine of res ipsa loquitur in presenting the issue of negligence to the trier of fact (*Kambat*, 89 NY2d at 494). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.