■ CORIEY REYNOLDS et al., Respondents, v MILLARD J. KNIBBS et al., Appellants. [901 NYS2d 440]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered June 23, 2009 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is re-

versed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Coriey Reynolds when he fell while descending the stairs to the basement of their residence, which they rented from defendants. According to plaintiffs, the stairs detached from the wall and collapsed. Supreme Court erred in denying the motion of defendants seeking summary judgment dismissing the complaint. We note at the outset that plaintiffs on appeal do not contend that defendants created the defective condition and thus have abandoned any issue with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Defendants met their initial burden of establishing that they had no actual or constructive notice of any defective condition of the staircase (*see Heckman v Skelly*, 63 AD3d 1712, 1713 [2009]; *Lal v Ching Po Ng*, 33 AD3d 668 [2006]), and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). With respect to actual notice, Millard J. Knibbs (defendant) testified that he inspected the stairs prior to plaintiff's accident and believed that they were adequately secured. Defendants also submitted evidence that no one previously had a problem with the stairs or complained about them prior to plaintiff's accident.

With respect to constructive notice, it is well established that "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant[s] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). "[C]onstructive notice will not be imputed where a defect is latent and would not be discoverable upon reasonable inspection" (*Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]; *see Lal*, 33 AD3d at 668). As noted by the dissent, in opposition to the motion plaintiffs submitted the affidavit of an expert who averred that the stairs were improperly secured to the concrete wall and that the defect "would have been clearly obvious to anyone with construction experience." The dissent also notes that defendant had over 30 years of experience as a contractor. In addition, the expert stated that the stairs were improperly secured based on the use of concrete nails rather than concrete fasteners with metal washers. Plaintiffs, however, did not thereby raise a triable issue of fact with respect to actual or constructive notice because the expert's opinion was both speculative and conclusory (*see Ciccarelli v Cotira, Inc.*, 24 AD3d 1276, 1277 [2005]; *Aungst v Slippery Slats & All That*, 6 AD3d 1078, 1079 [2004]). The

expert never specified the kind of construction experience needed to determine whether the defect was "obvious," nor did he state, e.g., whether the use of concrete fasteners with metal washers as opposed to concrete nails was standard in the industry or whether a building inspector would have noted that alleged defect.

All concur except Green and Gorski, JJ., who dissent and vote to affirm in the following memorandum.

Green and Gorski, JJ. (dissenting). We respectfully dissent, and would affirm the order. Even assuming, arguendo, that defendants met their initial burden on their motion for summary judgment dismissing the complaint against them, we conclude that plaintiffs raised a triable issue of fact whether defendants had constructive notice of the defective condition of the basement stairs where plaintiff Coriey Reynolds was injured (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). In opposition to the motion, plaintiffs submitted the affidavit of an expert stating that the stairs were improperly secured to the concrete wall and that such a defect would have been obvious upon inspection by anyone with construction experience (*cf. Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 799-800 [2003]). In addition, plaintiffs submitted the deposition testimony of defendant Millard J. Knibbs, one of the lessors of the property, who testified that he had over 30 years of experience as a contractor and that he had inspected the stairs prior to plaintiffs' tenancy, which began approximately a month prior to the accident. We thus conclude that plaintiffs thereby raised an issue of fact with respect to constructive notice (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.