■ MARY HERBST, Appellant, v LAKEWOOD SHORES CONDOMINIUM ASSOCIATION, Respondent. [978 NYS2d 519]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered February 11, 2013 in a personal injury action. The order denied the cross motion of plaintiff for partial summary judgment on liability, and granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying defendant's motion and reinstating the complaint and as modified the order is affirmed without costs in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the handrail in the stairway, which provided access from the garage to the first floor of the building in which she lived, pulled out from the wall, causing her to fall backward down the stairs. Plaintiff alleges that defendant's negligence may be inferred based upon the doctrine of res ipsa loquitur. We note at the outset that plaintiff improperly alleges res ipsa loquitur as a separate cause of action (*see Abbott v Page Airways*, 23 NY2d 502, 512 [1969]; *Smith v Consolidated Edison Co. of N.Y., Inc.*, 104 AD3d 428, 428-429 [2013]). We therefore deem plaintiff's complaint, as amplified by the bill of particulars, to state a single cause of action for negligence.

Supreme Court properly denied plaintiff's cross motion for partial summary judgment on liability but erred in granting defendant's motion for summary judgment dismissing the complaint on the ground that defendant established as a matter of law that it did not have exclusive control of the handrail, i.e., one of the necessary conditions herein for the applicability of the doctrine of res ipsa loquitur (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495 [1997]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We conclude that plaintiff raised an issue of fact whether the handrail was in the exclusive control of defendant, and thus that the court erred in granting defendant's motion (*see Brink v Anthony J. Costello & Son Dev., LLC*, 66 AD3d 1451, 1452-1453 [2009]). We therefore modify the order accordingly.

"The exclusive control requirement . . . is that the evidence must afford a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it . . . The purpose is simply to eliminate within reason all explanations for the injury other than defendant's negligence" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 227 [1986] [internal quotation marks omitted]). Here, plaintiff established that access to the internal stairway is limited to the residents of the three units in the building and defendant's maintenance staff

(*see Hoffman v United Methodist Church*, 76 AD3d 541, 543 [2010]; *cf. Anderson v Justice*, 96 AD3d 1446, 1448 [2012]; *Heckman v Skelly*, 63 AD3d 1712, 1712-1713 [2009]), and a former maintenance staff person testified that railings in other buildings had become loose and were tightened as needed. We therefore conclude that plaintiff raised an issue of fact "that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it" (*Dermatossian*, 67 NY2d at 227 [internal quotation marks omitted]). Present—Scudder, P.J., Fahey, Peradotto, Carni and Valentino, JJ.