# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1337
CA 13-00851
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

MARY HERBST, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

LAKEWOOD SHORES CONDOMINIUM ASSOCIATION,
DEFENDANT-RESPONDENT.

---

FARACI LANGE, LLP, ROCHESTER (RAUL EMILIO MARTINEZ OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

THE LAW FIRM OF JANICE M. IATI, P.C., ROCHESTER (AMANDA BURNS OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas
A. Stander, J.), entered February 11, 2013 in a personal injury
action. The order denied the cross motion of plaintiff for partial
summary judgment on liability, and granted the motion of defendant for
summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying defendant's motion and
reinstating the complaint and as modified the order is affirmed
without costs in accordance with the following Memorandum: Plaintiff
commenced this action seeking damages for injuries she sustained when
the handrail in the stairway, which provided access from the garage to
the first floor of the building in which she lived, pulled out from
the wall, causing her to fall backward down the stairs. Plaintiff
alleges that defendant's negligence may be inferred based upon the
doctrine of res ipsa loquitur. We note at the outset that plaintiff
improperly alleges res ipsa loquitur as a separate cause of action
(*see Abbott v Page Airways*, 23 NY2d 502, 512; *Smith v Consolidated
Edison Co. of N.Y., Inc.*, 104 AD3d 428, 428-429). We therefore deem
plaintiff's complaint, as amplified by the bill of particulars, to
state a single cause of action for negligence.

Supreme Court properly denied plaintiff's cross motion for
partial summary judgment on liability but erred in granting
defendant's motion for summary judgment dismissing the complaint on
the ground that defendant established as a matter of law that it did
not have exclusive control of the handrail, i.e., one of the necessary
conditions herein for the applicability of the doctrine of res ipsa
loquitur (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495; *see
generally Zuckerman v City of New York*, 49 NY2d 557, 562). We
conclude that plaintiff raised an issue of fact whether the handrail

was in the exclusive control of defendant, and thus that the court erred in granting defendant's motion (*see Brink v Anthony J. Costello & Son Dev., LLC*, 66 AD3d 1451, 1452-1453).  We therefore modify the order accordingly.

"The exclusive control requirement . . . is that evidence must afford a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it . . . The purpose is simply to eliminate within reason all explanations for the injury other than defendant's negligence" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 227 [internal quotation marks omitted]).  Here, plaintiff established that access to the internal stairway is limited to the residents of the three units in the building and defendant's maintenance staff (*see Hoffman v United Methodist Church*, 76 AD3d 541, 543; *cf. Anderson v Justice*, 96 AD3d 1446, 1448; *Heckman v Skelly*, 63 AD3d 1712, 1712-1713), and a former maintenance staff person testified that railings in other buildings had become loose and were tightened as needed.  We therefore conclude that plaintiff raised an issue of fact "that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it" (*Dermatossian*, 67 NY2d at 227).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court