# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1375**
**CA 13-00784**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

TAUSHIEYA KEENE, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

THE MARKETPLACE AND WILMORITE MANAGEMENT
GROUP, LLC, DEFENDANTS-RESPONDENTS.

---

PARISI & BELLAVIA, LLP, ROCHESTER (TIMOTHY C. BELLAVIA OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

WEBSTER SZANYI LLP, BUFFALO (JEREMY A. COLBY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered February 13, 2013 in a personal injury action. The order denied the motion of plaintiff for partial summary judgment on the issue of liability and granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion of defendants The Marketplace and Wilmorite Management Group, LLC with respect to the first cause of action and reinstating the complaint to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when a mirror fell from a wall in vacant retail space in the Marketplace Mall, where plaintiff was working at a blood drive. Defendant The Marketplace owned the property, and defendant Wilmorite Management Group, LLC managed the property (collectively, defendants). The retail space was previously occupied by a Bath & Body Works store (BBW), and mirrors had been installed along the walls in 1993 by a contractor employed by BBW. The retail space was "debranded" by BBW and turned over to The Marketplace in June 2006, and plaintiff was injured in August 2006. Plaintiff appeals from an order denying her motion seeking partial summary judgment on the issue of liability and granting defendants' motion seeking summary judgment dismissing the complaint.

As a preliminary matter, we conclude that Supreme Court properly denied plaintiff's motion seeking partial summary judgment on the issue of liability inasmuch as she failed to establish her entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We further conclude that the court properly

granted that part of defendant's motion seeking to dismiss the second cause of action alleging res ipsa loquitur inasmuch as res ipsa loquitur is an evidentiary doctrine, rather than a cause of action (*see Abbott v Page Airways*, 23 NY2d 502, 512; *Herbst v Lakewood Shores Condominium Assn.*, 112 AD3d 1373, 1374).  To the extent that the second cause of action, as amplified by the bill of particulars, may be read to allege common-law negligence, we conclude that the court properly determined that defendants met their burden on their motion by establishing that they did not have exclusive control of the mirror, i.e., one of the necessary conditions for the applicability of the doctrine of res ipsa loquitur, and that plaintiff failed to raise an issue of fact (*cf. Herbst*, 112 AD3d at 1374; *see generally Zuckerman*, 49 NY2d at 562).

We agree with plaintiff, however, that the court erred in granting that part of defendants' motion with respect to the first cause of action, which alleges, inter alia, that defendants had constructive notice of the dangerous condition of the unsecured mirror.  We therefore modify the order accordingly.  It is well established that "[a] landowner is liable for a dangerous or defective condition on [its] property when the landowner 'created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it' " (*Anderson v Weinberg*, 70 AD3d 1438, 1439).  "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837).  Here, defendants established that when the mirrors were installed in the retail space in 1993 they were secured with a substance called "mirror mastic," and that shelves and brackets were installed in front of the mirrors to prevent them from falling.  Defendants' agents walked through the retail space after BBW vacated it and again prior to the blood drive and, although the shelves and brackets had been removed, they did not observe that any mirrors were not securely attached to the wall.  We therefore conclude that defendants met their burden of establishing that they lacked constructive notice of a dangerous condition.  We further conclude, however, that plaintiff raised an issue of fact in opposition to defendants' motion.  Plaintiff submitted evidence establishing that the mirror that fell and struck her had duct tape across the top of it, and she also submitted the deposition testimony of her coworker, who testified that she had observed two other mirrors that were "leaning" and had folded masking tape affixed on the back.  Viewing that evidence in the light most favorable to plaintiff (*see Esposito v Wright*, 28 AD3d 1142, 1143), we conclude that there is an issue of fact whether defendants had constructive notice of the dangerous condition presented by the unsecured mirror (*see generally Zuckerman*, 49 NY2d at 562).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court