Cosgrove v River Oaks Rests., LLC (2018 NY Slip Op 03286)





Cosgrove v River Oaks Rests., LLC


2018 NY Slip Op 03286


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


561 CA 17-01946

[*1]CHRISTOPHER COSGROVE AND WENDY COSGROVE, PLAINTIFFS-RESPONDENTS,
v
RIVER OAKS RESTAURANTS, LLC, DOING BUSINESS AS WENDYS, DEFENDANT-APPELLANT. 






LEVENE GOULDIN & THOMPSON, LLP, VESTAL (ELIZABETH A. SOPINSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
WELCH, DONLON & CZARPLES, PLLC, CORNING (MICHAEL A. DONLON OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered May 24, 2017. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing plaintiffs' amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the amended complaint to the extent that it alleges that defendant had actual notice of the allegedly dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Christopher Cosgrove (plaintiff) when he allegedly slipped and fell on a patch of ice that was covered by a dusting of snow in defendant's parking lot. Defendant moved for summary judgment dismissing the amended complaint on the grounds that it did not have actual or constructive notice of the allegedly dangerous condition or create the condition. We conclude that Supreme Court erred in denying the motion with respect to the allegation that defendant had actual notice of the allegedly dangerous condition but otherwise properly denied the motion. We therefore modify the order accordingly.
Defendant met its initial burden with respect to actual notice by submitting evidence that it "did not receive any complaints concerning the area where plaintiff fell and [was] unaware of any [ice] in that location prior to plaintiff's accident" (Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]; see Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc., 15 AD3d 857, 857 [4th Dept 2005]). Although defendant also submitted evidence that one of its employees slipped in a different area of the parking lot earlier that morning, such evidence does not raise a triable issue of fact because a
" [g]eneral awareness that snow or ice may be present is legally insufficient to constitute notice of the particular condition that caused' a plaintiff to fall" (Krieger v McDonald's Rest. of N.Y., Inc., 79 AD3d 1827, 1829 [4th Dept 2010], lv dismissed 17 NY3d 734 [2011]; see Stoddard v G.E. Plastics Corp., 11 AD3d 862, 863 [3d Dept 2004]). Defendant submitted additional evidence that the employee who had previously slipped in the parking lot noticed an icy condition in the area of plaintiff's fall as he was helping plaintiff after the incident. That evidence, however, does not raise a triable issue of fact whether defendant had actual notice of the condition before plaintiff's fall. In opposition to the motion, plaintiffs failed to raise a triable issue of fact on actual notice (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Contrary to defendant's contention, the court properly denied that part of its motion seeking summary judgment on the issue of constructive notice. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior [*2]to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; see Keene v Marketplace, 114 AD3d 1313, 1314 [4th Dept 2014]). Although "an owner's general awareness' that a dangerous condition may exist is insufficient to support a finding that the owner had constructive notice of the specific condition that caused the plaintiff to slip and fall" (Winecki v West Seneca Post 8113, 227 AD2d 978, 979 [4th Dept 1996] [emphasis added]), evidence that another person had fallen in the "same general vicinity" a few hours before the plaintiff's fall raises triable issues of fact whether the condition existed for a sufficient length of time to discover and remedy it (Walters v Costco Wholesale Corp., 51 AD3d 785, 786 [2d Dept 2008]; cf. Gilbert v Evangelical Lutheran Church in Am., 43 AD3d 1287, 1288-1289 [4th Dept 2007], lv denied 9 NY3d 815 [2007]). Inasmuch as defendant submitted evidence that its employee slipped in the same parking lot as plaintiff several hours before plaintiff's fall and thereafter observed the icy condition as he rendered aid to plaintiff, there are triable issues of fact "whether the icy condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendant[] to discover it and take corrective action' " (Nicoterra v Clifford, 11 AD3d 942, 943 [4th Dept 2004]).
We agree with defendant that it met its initial burden of establishing as a matter of law that it did not create the dangerous condition by submitting evidence that plaintiff did not fall in an area of the parking lot that had been repaired in such a way that it caused the pooling of water. We nevertheless conclude that plaintiffs raised a triable issue of fact by submitting deposition testimony from one of defendant's employees identifying the area of plaintiff's fall as being within the repaired area of the parking lot. That evidence raises a triable issue of fact whether defendant created the allegedly dangerous condition that caused plaintiff to slip and fall (see Benty v First Methodist Church of Oakfield, 24 AD3d 1189, 1190 [4th Dept 2005]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court