Eagan v Page 1 Props., LLC (2019 NY Slip Op 03157)





Eagan v Page 1 Props., LLC


2019 NY Slip Op 03157


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


19 CA 18-01580

[*1]DEBORAH A. EAGAN, PLAINTIFF-RESPONDENT,
v
PAGE 1 PROPERTIES, LLC, DEFENDANT-APPELLANT. 






BARCLAY DAMON LLP, BUFFALO (THOMAS A. DIGATI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES A. PARTACZ, WEST SENECA, FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered November 2, 2017. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant created or had actual notice of the allegedly dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained at her home when a window that she had just opened fell out of its frame and struck her. Plaintiff rented the home from defendant, whose sole member was Patricia DaPolito (Patricia). Plaintiff alleged that the window fell because it was defectively installed. On appeal from an order denying its motion for summary judgment dismissing the complaint, defendant contends that Supreme Court erred in denying the motion with respect to the claims that defendant created or had actual notice of the allegedly dangerous condition. We agree, and we therefore modify the order accordingly. It is well established that "[a] landowner is liable for a dangerous or defective condition on his or her property when the landowner created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it' " (Anderson v Weinberg, 70 AD3d 1438, 1439 [4th Dept 2010]; see Miller v Kendall, 164 AD3d 1610, 1610-1611 [4th Dept 2018]). Defendant met its initial burden of establishing that it did not create the allegedly dangerous condition or have actual notice of the condition by submitting evidence that the window was installed prior to defendant purchasing the home, that no repairs were made to the window prior to the incident, and that it never received any complaints regarding the window (seeCosgrove v River Oaks Rests., LLC, 161 AD3d 1575, 1576-1577 [4th Dept 2018]; Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]). In opposition to the motion, plaintiff failed to raise a triable issue of fact on those claims (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We reject defendant's contention, however, that the court erred in denying the motion with respect to the claim that defendant had constructive notice of the allegedly dangerous condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Defendant met its initial burden of establishing that it lacked constructive notice by submitting the deposition testimony of Patricia and Steven DaPolito (Steven), who both used the window at issue prior to defendant leasing the property to plaintiff and encountered no difficulty with it. Defendant also submitted the deposition testimony of plaintiff, who also had no problem using the window at issue prior to the accident. Moreover, Steven testified at his deposition that he examined the window after the accident and found no visible defect; it was only when he [*2]applied pressure to the framework of the window that he could circumvent the latches and noticed the defect. We therefore agree with defendant that its evidence established that any defect in the window was not visible and apparent prior to the accident, and thus it did not have constructive notice of a dangerous condition (see Keene v Marketplace, 114 AD3d 1313, 1314-1315 [4th Dept 2014]).
In opposition to the motion, however, we conclude that plaintiff raised a triable issue of fact whether the allegedly dangerous condition was visible and apparent and existed for a sufficient length of time prior to the accident to permit defendant to correct it (see id. at 1315; Quackenbush v City of Buffalo, 43 AD3d 1386, 1389 [4th Dept 2007]; see also Vara v Benderson Dev. Co., 258 AD2d 932, 932-933 [4th Dept 1999]). Plaintiff submitted the affidavit and deposition testimony of a witness who saw the window frame immediately after the accident and could see a visible gap between the frame and window. Plaintiff also submitted the affidavits of her experts, who inspected the window after the accident and opined that the window was installed incorrectly.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court