McGirr v Shifflet (2022 NY Slip Op 04831)

McGirr v Shifflet

2022 NY Slip Op 04831

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

214 CA 21-00451

[*1]WILLIAM MCGIRR, PLAINTIFF-APPELLANT,
v
ROBIN SHIFFLET, DEFENDANT-RESPONDENT. 

CAMPBELL & ASSOCIATES, HAMBURG (JASON M. TELAAK OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WALSH, ROBERTS & GRACE, BUFFALO (KEITH N. BOND OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered March 25, 2021. The order, inter alia, granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint insofar as it alleges that defendant is vicariously liable for the negligence of her independent contractor and insofar as plaintiff relies on the doctrine of res ipsa loquitur, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when, while renting defendant's cottage for a week, a portion of the deck abutting the cottage separated from the house, causing the deck to sink and plaintiff to fall. Plaintiff appeals from an order that, inter alia, granted the motion of defendant for summary judgment dismissing the complaint.
We reject plaintiff's contention that defendant failed to meet her initial burden on her motion of establishing that she did not create or have constructive notice of the allegedly dangerous condition. It is well established that "[a] landowner is liable for a dangerous or defective condition on his or her property when the landowner created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it" (Eagan v Page 1 Props., LLC, 171 AD3d 1452, 1453 [4th Dept 2019] [internal quotation marks omitted]). Here, defendant established that she did not create the allegedly dangerous condition through the submission of, inter alia, her own deposition testimony and the deposition testimony of the contractor that she hired to replace the deck after its collapse. Defendant also established that she did not have constructive notice of the allegedly defective condition. "[C]onstructive notice, in contrast to actual notice, requires that the defect be visible and apparent and ha[ve] existed for a sufficient period of time prior to the accident to permit a defendant to discover it and take corrective action" (Mister v Mister, 188 AD3d 1334, 1335 [3d Dept 2020] [internal quotation marks omitted]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). "When, however, a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (Arevalo v Abitabile, 148 AD3d 658, 659 [2d Dept 2017] [internal quotation marks omitted]; see Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 475 [2d Dept 2004]). Here, defendant's submissions established, inter alia, that there was nothing to arouse her suspicion as to the defective condition that would have triggered a duty to inspect (see Pommerenck v Nason, 79 AD3d 1716, 1717 [4th Dept 2010]; see generally Anderson v Justice, 96 AD3d 1446, 1447 [4th Dept 2012]). We further conclude that, contrary to plaintiff's contention, he failed to raise a triable issue of fact in opposition to the motion with respect to his allegations that defendant created or had constructive notice of the allegedly dangerous condition (see Brink v Anthony J. Costello & Son Dev., LLC, 66 AD3d 1451, [*2]1452-1453 [4th Dept 2009]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Nevertheless, we agree with plaintiff that he raised a triable issue of fact with respect to the doctrine of res ipsa loquitur (see generally Brink, 66 AD3d at 1452-1453; Champagne v Peck, 59 AD3d 1130, 1131 [4th Dept 2009]). In New York, in order to establish liability under that doctrine, the plaintiff must establish that the event was: "(1) of a kind which ordinarily does not occur in the absence of someone's negligence; (2) . . . caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) . . . not . . . due to any voluntary action or contribution on the part of the plaintiff" (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986] [internal quotation marks omitted]; see Zapata v Yugo J & V, LLC, 183 AD3d 956, 957-958 [3d Dept 2020]). "The exclusive control requirement . . . is that the evidence must afford a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it" (Dermatossian, 67 NY2d at 227 [internal quotation marks omitted]). "The purpose is simply to eliminate within reason all explanations for the injury other than the defendant's negligence" (id.). With respect to the first and third elements, "common experience informs us that a deck being put to its regular and intended use does not ordinarily collapse in the absence of negligence" and, here, "plaintiff[] [was not] contributorily negligent in causing the collapse" (Zapata, 183 AD3d at 958). With respect to the second element, the deck had been under the control of defendant since it was built approximately nine years prior to the accident, and defendant testified at her deposition that she and her husband, who acted as the property manager, were the only ones responsible for maintaining and inspecting the property. Thus, plaintiff raised a triable issue of fact whether defendant exercised "exclusive control over the deck such that the elements of the doctrine of res ipsa loquitur were satisfied" (id. at 959; see Marinaro v Reynolds, 152 AD3d 659, 661-662 [2d Dept 2017]; Herbst v Lakewood Shores Condominium Assn., 112 AD3d 1373, 1374-1375 [4th Dept 2013]). We therefore modify the order accordingly.
We further agree with plaintiff that defendant failed to meet her initial burden on her motion with respect to plaintiff's claim that defendant is vicariously liable for the negligence of the independent contractor who built the deck (cf. Dragotta v Southampton Hosp., 39 AD3d 697, 699 [2d Dept 2007]; see generally Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1092-1093 [2d Dept 2020]; Robinson v Downs, 39 AD3d 1250, 1252 [4th Dept 2007]). "Generally, a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257 [2008] [internal quotation marks omitted]). The "most commonly accepted rationale" for that rule is that "one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor" (Kleeman v Rheingold, 81 NY2d 270, 274 [1993]). There are, of course, exceptions to the general rule. "A party may be vicariously liable for the negligence of an independent contractor in performing [n]on-delegable duties . . . arising out of some relation toward the public or the particular plaintiff" (Dziedzic v Wirth, 162 AD3d 1749, 1749 [4th Dept 2018] [internal quotation marks omitted]; see Brothers, 11 NY3d at 258). To determine whether a nondelegable duty exists, the court must conduct "a sui generis inquiry" because the court's conclusion rests on policy considerations (Brothers, 11 NY3d at 258). Although "[t]here are no clearly defined criteria for identifying duties that are nondelegable[,] . . . [t]he most often cited formulation is that a duty will be deemed nondelegable when the responsibility is so important to the community that the employer should not be permitted to transfer it to another" (Kleeman, 81 NY2d at 275 [internal quotation marks omitted]; see Feliberty v Damon, 72 NY2d 112, 119 [1988]). Here, we conclude that defendant owes a nondelegable duty to the public to maintain the premises in reasonably safe condition (see Tobola v 123 Washington, LLC, 195 AD3d 456, 457 [1st Dept 2021]; Atkinson v Golub Corp. Co., 278 AD2d 905, 906 [4th Dept 2000]; June v Zikakis Chevrolet, 199 AD2d 907, 909 [3d Dept 1993]), and thus that defendant failed to establish as matter of law that she may not be held liable for the actions of her independent contractor (cf. Dziedzic, 162 AD3d at 1749; see generally Brothers, 11 NY3d at 258). We therefore further modify the order accordingly.
We have considered plaintiff's remaining contentions and conclude that they do not warrant further modification or reversal of the order.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court