Duncan v Town of Greece (2025 NY Slip Op 05588)

Duncan v Town of Greece

2025 NY Slip Op 05588

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

659 CA 24-02002

[*1]DYLAN M. DUNCAN, PLAINTIFF-APPELLANT,
v
TOWN OF GREECE, DEFENDANT, AND COUNTY OF MONROE, DEFENDANT-RESPONDENT. 

MAXWELL MURPHY, LLC, BUFFALO (CHRISTOPHER M. BORGATTI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BRENDON S. FLEMING, ACTING COUNTY ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), entered June 25, 2024, in a personal injury action. The order granted the motion of defendant County of Monroe to dismiss the complaint against it pursuant to CPLR 3211 and for summary judgment dismissing the complaint against it pursuant to CPLR 3212. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant County of Monroe to the extent that the complaint, as amplified by the bill of particulars, alleges that the County of Monroe failed to maintain the traffic signal in a reasonably safe condition and created the defective condition by improperly installing the traffic signal and to the extent that plaintiff relies on the doctrine of res ipsa loquitur, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages resulting from a motor vehicle accident that took place at an intersection when the vehicle operated by plaintiff was struck by another vehicle traveling though the intersection, perpendicular to plaintiff. Each driver had a green light inasmuch as a pipe holding one of the signal heads in place broke, allowing that signal head to rotate 90 degrees and resulting in at least one of the signal heads in each direction showing a green light. In his complaint, as amplified by the bill of particulars, plaintiff alleged that defendants were negligent in, inter alia, creating the dangerous condition by failing to properly design, install, inspect, maintain and repair the traffic signal. The County of Monroe (defendant) moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (7) and for summary judgment dismissing the complaint against it under CPLR 3212. Plaintiff appeals from an order granting the motion under CPLR 3211 (a) (7) and 3212.
"A municipality has a duty to maintain its streets in a reasonably safe condition" (Thompson v City of New York, 78 NY2d 682, 684 [1991], rearg denied 79 NY2d 916 [1992]). "[T]he municipality breaches such duty if it permits a dangerous or potentially dangerous condition to exist and cause injury" (Nowlin v City of New York, 81 NY2d 81, 88 [1993], rearg denied 81 NY2d 1068 [1993]; see Thompson, 78 NY2d at 685). Here, to meet its burden on that part of the motion seeking summary judgment, defendant was required to "demonstrate that it maintained the intersection in a reasonably safe condition and that it neither created the alleged defective condition nor had actual or constructive notice of same" (Carty v Colleran, 238 AD3d 845, 846 [2d Dept 2025]; see Kirton v City of New York, 234 AD3d 439, 440 [1st Dept 2025]; Regan v City of New York, 127 AD3d 843, 844 [2d Dept 2015]).
Initially, to the extent that plaintiff contends that defendant had notice of the alleged defective condition, we conclude that defendant met its initial burden by demonstrating that it lacked the requisite notice and that plaintiff failed to raise an issue of fact in opposition (see [*2]Irwin v St. John the Evangelist Church of Greece, 229 AD3d 1108, 1109 [4th Dept 2024]). We agree with plaintiff, however, that Supreme Court erred in granting that part of the motion seeking summary judgment with respect to the claims that defendant failed to maintain the traffic signal in a reasonably safe condition and that defendant created the defective condition by improperly installing the traffic signal. We therefore modify the order accordingly. Assuming, arguendo, that defendant met its initial burden on those claims, we conclude that plaintiff raised triable issues of fact by submitting the affidavit of his expert (see generally Cosgrove v River Oaks Rests., LLC, 161 AD3d 1575, 1577 [4th Dept 2018]). We also agree with plaintiff that questions of fact exist with respect to whether the doctrine of res ipsa loquitur applies here (see McGirr v Shifflet, 208 AD3d 949, 951 [4th Dept 2022]) and we therefore further modify the order accordingly.
In addition, we agree with plaintiff that the court erred in granting that part of the motion seeking dismissal of the complaint against defendant under CPLR 3211 (a) (7), and we further modify the order accordingly. On a motion to dismiss pursuant to CPLR 3211 (a) (7), we must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Here, we conclude that the allegations in the complaint are sufficient to state a cause of action for negligence. We also reject defendant's assertion that negligent installation was not alleged in the complaint inasmuch as the allegations of "negligence and statutory violations" in the complaint were amplified by allegations in the bill of particulars that defendant failed to properly design, install, and tether the traffic signal (see Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1089 n 2 [3d Dept 2017]; see also Napolitano v Polichetti, 23 AD3d 534, 534-535 [2d Dept 2005]).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court