■ RITA RUSSO, Appellant, v YMCA OF GREATER BUFFALO, Defendant, and AMHERST ORTHOPEDIC THERAPY ASSOCIATON, Respondent. (Appeal No. 1.) [784 NYS2d 782]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 12, 2003. The order granted the motion of defendant Amherst Orthopedic Therapy Association for summary judgment dismissing the complaint against it in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint against defendant Amherst Orthopedic Therapy Association is reinstated.

Memorandum: Supreme Court erred in granting defendants' motions seeking summary judgment dismissing the complaint. Plaintiff commenced this action seeking damages for injuries that she sustained when she slipped and fell in the hallway of a facility owned by defendant YMCA of Greater Buffalo after attending a water therapy session conducted by defendant Amherst Orthopedic Therapy Association. Viewing the evidence in the light most favorable to the nonmoving party, as we must (*see Victor Temporary Servs. v Slattery*, 105 AD2d 1115, 1117 [1984]), we conclude that there are issues of fact that preclude summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In support of their motions, defendants submitted the deposition testimony of plaintiff in which she stated that, although before she fell she did not observe what caused her to fall, she observed water on the floor after she fell. We conclude that there are issues of fact whether

defendants had constructive notice of a wet condition of the hallway and failed to take proper precautions or to warn patrons of that alleged condition (*see generally Tagle v Jakob,* 97 NY2d 165, 168 [2001]; *Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]). Present—Hurlbutt, J.P., Kehoe, Gorski, Martoche and Hayes, JJ.