■ DAVID J. QUINN et al., Appellants, v HOLIDAY HEALTH & FITNESS CENTERS OF NEW YORK, INC., Doing Business as BALLY TOTAL FITNESS, Respondent. [789 NYS2d 782]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered March 26, 2004. The order granted defendant's motion for summary judgment dismissing the amended complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: David J. Quinn (plaintiff) allegedly slipped on an unknown substance and fell on a stairway landing at a health club operated by defendant. Plaintiff had not seen the substance when he walked up the stairs approximately 10 minutes earlier, nor could he see it when he slipped on it. Only when he was on his hands and knees in the substance could he see it, as it was a "murky" substance on the landing. Plaintiffs commenced this action to recover damages for personal injuries.

We reject plaintiffs' contention that Supreme Court erred in granting defendant's motion for summary judgment dismissing the amended complaint. As the proponent of the motion, defendant had the initial burden of establishing that it did not create the dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof (*see Pelow v Tri-Main Dev.*, 303 AD2d 940, 940-941 [2003]; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Bullard v Pfohl's Tavern*, 11 AD3d 1026, 1027 [2004]). By showing that it did not receive any complaints about the area prior to plaintiff's fall, defendant established that it did not have actual notice of the allegedly dangerous condition (*see Gallagher v TDS Telecom*, 294 AD2d 860 [2002]), and the testimony of the parties at the examinations before trial established that defendant did not create it. As the defect in question was not visible and apparent, the lack of proof of recent inspections of the area

is irrelevant. "[C]onstructive notice will not be imputed where the defect is latent, i.e., where, as here, the defect is of such a nature that it would not be discoverable even upon a reasonable inspection. The failure to make a diligent inspection constitutes negligence only if such an inspection would have disclosed the defect" (*Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 800 [2003] [internal quotation marks and citations omitted]). By submitting evidence that demonstrated that the defect was not visible and apparent, defendant established that it did not have constructive notice of the defect. Defendant thus met its initial burden.

In response, plaintiffs failed to come forward with sufficient evidence in admissible form to raise a triable issue of fact whether defendant created the dangerous condition or had actual or constructive notice thereof. As plaintiffs were unable to identify the substance or how it came to be on the landing, their contention that defendant created the dangerous condition amounts to no more than speculation (*see Breuer v Wal-Mart Stores*, 289 AD2d 276, 277 [2001], *lv denied* 97 NY2d 610 [2002]; *Licatese v Waldbaums, Inc.*, 277 AD2d 429, 430 [2000]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998], *lv denied* 92 NY2d 805 [1998]). Consequently, the court properly granted the motion of defendant for summary judgment. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.