# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**121**

**CA 10-01935**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

MARIA R. KING AND JEANERO J. KING,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

SAM'S EAST, INC., DEFENDANT-RESPONDENT.

---

HOGAN WILLIG, AMHERST (AMANDA L. LOWE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

BROWN & HUTCHINSON, ROCHESTER (KIMBERLY J. CAMPBELL OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered December 18, 2009 in a personal
injury action. The order granted defendant's motion for summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion in part and
reinstating the complaint insofar as it alleges that defendant had
constructive notice of the allegedly dangerous condition and as
modified the order is affirmed without costs.

Memorandum: Maria R. King (plaintiff) and her husband commenced
this action seeking damages for injuries plaintiff allegedly sustained
when she slipped and fell on an accumulation of water that had formed
a puddle on the floor of defendant's store. We conclude that Supreme
Court erred in granting defendant's motion for summary judgment
dismissing the complaint to the extent that the complaint alleges that
defendant had constructive notice of the allegedly dangerous condition
where plaintiff fell (*see Brinson v Geneva Hous. Auth.*, 45 AD3d 1397),
and we therefore modify the order accordingly.

"In seeking summary judgment dismissing the complaint, defendant
had the initial burden of establishing that it did not create the
alleged dangerous condition and did not have actual or constructive
notice of it" (*Pelow v Tri-Main Dev.*, 303 AD2d 940, 940-941).
Contrary to plaintiffs' contention, defendant met its initial burden
on the issues whether defendant created or had actual notice of the
allegedly dangerous condition, and plaintiffs failed to raise a
triable issue of fact with respect thereto inasmuch as their
submissions in opposition were merely speculative (*see Cerkowski v
Price Chopper Operating Co.*, 68 AD3d 1382, 1384-1385; *Baia v Allright*

*Parking Buffalo, Inc.*, 27 AD3d 1153, 1154).

We agree with plaintiffs, however, that defendant failed to meet its initial burden of establishing that it lacked constructive notice of the condition in question. It is well established that, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). In support of its motion, defendant submitted, inter alia, the deposition testimony of plaintiff in which she stated that, although she did not observe the water on the floor prior to her fall, after the fall her right pant leg was saturated with liquid and she observed a "dinner plate size of water" on the floor. Defendant also submitted the deposition testimony of one of its employees in which the employee stated that, while helping plaintiff after her fall, he observed a "small puddle" of water that "wasn't readily noticeable." He also testified, however, that "you could see [the water] once you looked for it." In addition, although defendant submitted the deposition testimony of the produce manager in which she testified that, on the morning in question, she performed an inspection of the area and observed no water and that store employees conducted safety sweeps, there is no evidence of the timing of the safety sweeps or that her inspection occurred before plaintiff's fall (*cf. Cochetti v Wal-Mart Stores, Inc.*, 24 AD3d 852, 853). Thus, by its own submissions, defendant raised an issue of fact whether the allegedly dangerous condition was visible and apparent and existed for a sufficient length of time prior to plaintiff's fall to permit its employees to discover and remedy it (*see generally Russo v YMCA of Greater Buffalo*, 12 AD3d 1089, *lv dismissed* 5 NY3d 746).

Entered: February 18, 2011                                    Patricia L. Morgan
                                                             Clerk of the Court