SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

313
CA 12-01548
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

ANDREW NAVETTA, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

ONONDAGA GALLERIES LIMITED LIABILITY COMPANY
AND FLAUM MANAGEMENT COMPANY, INC.,
DEFENDANTS-APPELLANTS.

---

THORN GERSHON TYMANN AND BONANNI, LLP, ALBANY (AMANDA KURYLUK OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

STANLEY LAW OFFICES, LLP, SYRACUSE (KEITH YOUNG OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered November 17, 2011.  The order denied
the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
dismissing the amended complaint to the extent that the amended
complaint, as amplified by the bill of particulars and supplemental
bill of particulars, alleges that defendants had actual notice of the
allegedly dangerous condition and as modified the order is affirmed
without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he sustained when he slipped and fell on a wet floor in a
building owned and operated by defendants.  Defendants moved for
summary judgment dismissing the amended complaint, and Supreme Court
denied the motion.  Defendants appeal.

" 'In seeking summary judgment dismissing the [amended]
complaint, defendant[s] had the initial burden of establishing that
[they] did not create the alleged dangerous condition and did not have
actual or constructive notice of it' " (*King v Sam's E., Inc.*, 81 AD3d
1414, 1414-1415).  We note at the outset that plaintiff did not assert
that defendants created the allegedly dangerous condition, i.e., the
wet floor on which plaintiff fell, and thus the only issue before the
court was whether defendants had actual or constructive notice thereof
(*see generally Wesolek v Jumping Cow Enters., Inc.*, 51 AD3d 1376,
1377).  Consequently, the issue whether defendants created the
relevant condition was not before the court, and the court therefore
erred in determining in its bench decision that there is a question of

fact on that issue.

Regarding the issue of actual notice, we agree with defendants that the court erred in denying the motion with respect to the claim that defendants had actual notice of the allegedly dangerous condition, and we therefore modify the order accordingly. To establish that they did not have actual notice of the allegedly dangerous condition, defendants were required to show that they did not receive any complaints concerning the area where plaintiff fell and were unaware of any water or other substance in that location prior to plaintiff's accident (*see Costanzo v Woman's Christian Assn. of Jamestown*, 92 AD3d 1256, 1257; *Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857). Here, defendants submitted the affidavit of the leasing director and general manager of the building in which plaintiff fell (general manager), wherein he averred that no leak or spill was reported to him on the morning of the accident, and that neither he nor any other employees at the building observed such a leak or spill during an inspection of the premises that morning. Defendants therefore met their initial burden on the issue of actual notice, and plaintiff failed to raise an issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Contrary to defendants' contention, however, we conclude that the court properly denied the motion with respect to the claim that defendants had constructive notice of the allegedly dangerous condition. Defendants failed to meet their initial burden on that issue inasmuch as their submissions raise issues of fact whether the wet floor "was visible and apparent and existed for a sufficient length of time prior to plaintiff's fall to permit [defendants] to discover and remedy it" (*King*, 81 AD3d at 1415; *see Russo v YMCA of Greater Buffalo*, 12 AD3d 1089, 1089-1090, *lv dismissed* 5 NY3d 746; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *Zuckerman*, 49 NY2d at 562). The fact that plaintiff did not notice water on the floor before he fell does not establish defendants' entitlement to judgment as a matter of law on the issue whether that condition was visible and apparent (*see Gwitt v Denny's, Inc.*, 92 AD3d 1231, 1232; *see also King*, 81 AD3d at 1415; *Russo*, 12 AD3d at 1089). Indeed, defendants raised a question of fact with respect to that issue by submitting plaintiff's deposition testimony in which he stated that he observed water on the floor after he fell, as well as the general manager's deposition testimony in which he stated that, after plaintiff's fall, he observed a puddle of water that was 10 inches in diameter on the floor in proximity to the area where plaintiff fell (*see Gwitt*, 92 AD3d at 1232). Moreover, inasmuch as defendants failed to submit evidence with respect to the specific time when the area where plaintiff fell was last inspected, there is an issue of fact whether the defect in question existed for a sufficient length of time prior to plaintiff's fall to permit defendants to discover and remedy it (*cf. Quinn*, 15 AD3d at 857-858).

Even assuming, arguendo, that defendants established as a matter of law that they did not have constructive notice of the particular

condition at issue here, we conclude that, based on defendants' own submissions, "an inference could be drawn that defendant[s] had actual knowledge of a recurrent dangerous condition and therefore could be charged with constructive notice of each specific reoccurrence of the condition" (*Chrisler v Spencer*, 31 AD3d 1124, 1125; *see Anderson v Great E. Mall, L.P.*, 74 AD3d 1760, 1761; *see generally Zuckerman*, 49 NY2d at 562).  Although defendants submitted the affidavit of the general manager in which he averred that there were no recurrent leaks around the time of plaintiff's fall because the roof in the area where plaintiff fell had been replaced before the accident, that statement conflicts with the deposition testimony provided by the general manager that he did not remember when the roof was replaced.  "[T]he conflict between [that] deposition testimony and . . . affidavit raises a question of credibility to be resolved at trial" (*Gwitt*, 92 AD3d at 1232).  Inasmuch as the burden never shifted to plaintiff to raise a triable issue of fact regarding the issue of constructive notice, we do not address defendants' remaining contentions concerning the sufficiency of plaintiff's opposing papers (*see Dengler v Posnick*, 83 AD3d 1385, 1386-1387).

Entered:  May 3, 2013                    Frances E. Cafarell
                                         Clerk of the Court