# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**155**
**CA 14-01131**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

MADELINE RIVERA, PLAINTIFF-RESPONDENT,

                              V                              MEMORANDUM AND ORDER

TOPS MARKETS, LLC, DEFENDANT-APPELLANT.

---

DIXON & HAMILTON, LLP, GETZVILLE (DENNIS P. HAMILTON OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered March 4, 2014 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly slipped and fell on water on the floor of a grocery store owned by defendant. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. "As the proponent of the motion, defendant had the initial burden of establishing that it did not create the dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof" (*Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857).

We conclude that defendant failed to establish as a matter of law that it did not create the dangerous condition or have actual notice thereof. Indeed, its submissions do not address those theories of liability. As noted by the court, the store manager "was never asked [n]or did she state if any employee had seen the water prior to the [p]laintiff's fall." She also was not asked, nor did she state, whether defendant had received any prior complaints concerning that dangerous condition.

We further conclude that defendant failed to establish as a matter of law that it did not have constructive notice of the dangerous condition. "To constitute constructive notice, a defect [or dangerous condition] must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a

defendant] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837).  In deposition testimony submitted by defendant, plaintiff stated that she observed the puddles of water only after she had fallen.  Contrary to defendant's contention, "[t]he fact that plaintiff did not notice water on the floor before [s]he fell does not establish defendant['s] entitlement to judgment as a matter of law on the issue whether that condition was visible and apparent" (*Navetta v Onondaga Galleries LLC*, 106 AD3d 1468, 1469-1470; *see King v Sam's E., Inc.*, 81 AD3d 1414, 1415).  In any event, defendant submitted the deposition testimony of a store manager, who admitted that she observed water on the floor in proximity to the area where plaintiff fell (*see Navetta*, 106 AD3d at 1470; *King*, 81 AD3d at 1415; *cf. Quinn*, 15 AD3d at 857-858).  While that employee also stated that a person walking through that area would have a difficult time seeing the water on the floor, that testimony, at most, raises a triable issue of fact whether the puddles were visible and apparent (*see King*, 81 AD3d at 1415; *cf. Quinn*, 15 AD3d at 858).  Defendant did not submit any evidence concerning either regular recurring inspections of the area or the specific condition of that area "in the hours prior to . . . the time of the accident" (*Austin v CDGA Natl. Bank Trust & Canandaigua Natl. Corp.*, 114 AD3d 1298, 1300; *see King*, 81 AD3d at 1415; *cf. Smith v May Dept. Store, Co.*, 270 AD2d 870, 870).  Although defendant correctly contends that in moving for summary judgment it is not required to submit proof of recent inspections where such inspections would not have disclosed the dangerous condition or defect (*see Quinn*, 15 AD3d at 857-858), defendant's own submissions "raise issues of fact whether the wet floor 'was visible and apparent and existed for a sufficient length of time prior to plaintiff's fall to permit [defendant] to discover and remedy it' " (*Navetta*, 106 AD3d at 1469).  We thus conclude that defendant " 'failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before plaintiff's accident to permit employees of [defendant] to discover and remedy it' " (*Rivers v May Dept. Stores Co.*, 11 AD3d 963, 964).  The failure of defendant to meet its initial burden requires denial of the motion, "regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see Ayotte v Gervasio*, 81 NY2d 1062, 1063).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court