# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1195**
**CA 15-00532**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

JANICE A. MCDONELL AND WILLIAM J. MCDONELL, JR.,
PLAINTIFFS-RESPONDENTS,

           V                                         MEMORANDUM AND ORDER

WAL-MART STORES, INC., WAL-MART STORES EAST, LP,
WAL-MART REAL ESTATE BUSINESS TRUST AND WALMART
REALTY COMPANY, DEFENDANTS-APPELLANTS.

---

BROWN HUTCHINSON LLP, ROCHESTER (KIMBERLY J. CAMPBELL OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

MURPHY MEYERS, LLP, ORCHARD PARK, LAW OFFICE OF LAURIE A. BAKER (LAURIE A. BAKER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered May 20, 2014. The order, insofar as appealed from, denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Janice A. McDonell (plaintiff) when she slipped and fell on water near the junction of the indoor and outdoor sections of the garden department in defendants' store. Supreme Court, inter alia, denied defendants' motion for summary judgment dismissing the complaint. As limited by their brief, the only issue before us on appeal is whether defendants met their initial burden on their motion of establishing that they did not have actual or constructive notice of the allegedly dangerous condition. We conclude that defendants failed to meet their burden with respect to actual notice inasmuch as they failed to establish that they were unaware of the water in the location of plaintiff's accident prior to her fall (*see Hilsman v Sarwil Assoc., L.P.*, 13 AD3d 692, 695; *Atkinson v Golub Corp. Co.*, 278 AD2d 905, 906; *cf. Navetta v Onondaga Galleries LLC*, 106 AD3d 1468, 1469). We further conclude that defendants failed to meet their burden with respect to constructive notice inasmuch as their submissions raise issues of fact whether the wet floor "was visible and apparent and existed for a sufficient length of time prior to plaintiff's fall to permit [defendants'] employees to discover and remedy it" (*King v Sam's E., Inc.*, 81 AD3d

1414, 1415; *see Navetta*, 106 AD3d at 1469-1470).