# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**853**

**CA 15-02085**

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

PATRICIA FARRAUTO AND JOSEPH A. FARRAUTO, AS
VOLUNTARY ADMINISTRATOR OF THE ESTATE OF JOSEPH
FARRAUTO, DECEASED, PLAINTIFFS-RESPONDENTS,

V                                                      MEMORANDUM AND ORDER

THE BON-TON DEPARTMENT STORES, INC.,
DEFENDANT-APPELLANT.

---

OSBORN, REED & BURKE, LLP, ROCHESTER (AIMEE LAFEVER KOCH OF COUNSEL),
FOR DEFENDANT-APPELLANT.

BERGEN & SCHIFFMACHER, LLP, BUFFALO (TODD M. SCHIFFMACHER OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered October 14, 2015. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action, plaintiffs seek damages for injuries allegedly sustained by Patricia Farrauto (plaintiff) when she tripped and fell while working for a fragrance company in a department store operated by defendant. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, and defendant appeals. We affirm.

Defendant contends that it is entitled to summary judgment because plaintiff cannot identify the cause of her fall without engaging in speculation (see *Smart v Zambito*, 85 AD3d 1721, 1721). Even assuming, arguendo, that this contention was advanced in defendant's initial motion papers and thus that it is properly before us (cf. *Ozog v Western N.Y. Motocross Assn.*, 100 AD3d 1393, 1394), we conclude that defendant did not meet its burden of establishing its entitlement to summary judgment on that ground (see *Mandzyk v Manor Lanes*, 138 AD3d 1463, 1464; *Lane v Texas Roadhouse Holdings, LLC*, 96 AD3d 1364, 1364-1365). Defendant submitted excerpts of plaintiff's deposition testimony in which she described the gift box over which she allegedly tripped, and her testimony is sufficient to enable a jury to determine that the gift box was the cause of her fall without resorting to speculation (see *Paternostro v Advance Sanitation, Inc.*, 126 AD3d 1376, 1377; *Signorelli v Great Atl. & Pac. Tea Co., Inc.*, 70

AD3d 439, 440; *see also Dixon v Superior Discounts & Custom Muffler*, 118 AD3d 1487, 1488).

We also reject defendant's contention that it is entitled to summary judgment on the ground that it neither created nor had actual or constructive notice of the allegedly dangerous condition (*see generally King v Sam's E., Inc.*, 81 AD3d 1414, 1414-1415). Defendant's submissions were insufficient to establish as a matter of law that its employees did not create the allegedly dangerous condition by placing the gift box on the floor (*see Guilfoyle v Parkash*, 123 AD3d 1088, 1089; *Hagin v Sears, Roebuck & Co.*, 61 AD3d 1264, 1265-1266; *Frank v Price Chopper Operating Co.*, 275 AD2d 940, 941), and defendant therefore also failed to establish that it did not have actual notice of the gift box on the floor prior to plaintiff's fall (*see McDonell v Wal-Mart Stores, Inc.*, 133 AD3d 1350, 1351; *see generally Walsh v Super Value, Inc.*, 76 AD3d 371, 375-376).

With respect to constructive notice, we conclude that defendant "failed to meet [its] burden of establishing that the allegedly dangerous condition was not visible and apparent for a sufficient length of time prior to the accident to permit [defendant], in the exercise of reasonable care, to discover and remedy it" (*Mikolajczyk v Morgan Contrs.*, 273 AD2d 864, 865; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838). While defendant submitted evidence that its employees were generally expected to identify and remedy tripping hazards, it did not submit any evidence establishing when the area of plaintiff's fall was last inspected (*see Navetta v Onondaga Galleries LLC*, 106 AD3d 1468, 1470; *Webb v Salvation Army*, 83 AD3d 1453, 1454); that reasonable care did not require any such inspection (*cf. Pommerenck v Nason*, 79 AD3d 1716, 1717-1718; *see generally Catalano v Tanner*, 23 NY3d 976, 977); or that the gift box would not have been visible had the area been inspected (*see O'Bryan v Tonawanda Hous. Auth.*, 140 AD3d 1702, 1703; *cf. Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857-858). Plaintiff's testimony that she did not see the gift box before she tripped "does not establish [defendant's] entitlement to judgment as a matter of law on the issue whether the [gift box] was visible and apparent" (*Gwitt v Denny's, Inc.*, 92 AD3d 1231, 1232; *see Rivera v Tops Mkts., LLC*, 125 AD3d 1504, 1505).

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court