# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1175
CA 16-00212
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

WAYNE CLARKE AND KATHLEEN CLARKE, INDIVIDUALLY
AND AS HUSBAND AND WIFE, PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

WEGMANS FOOD MARKETS, INC., DEFENDANT-APPELLANT.

---

WALSH ROBERTS & GRACE, BUFFALO (ROBERT P. GOODWIN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ANDREW CONNELLY
OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered May 5, 2015. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion in part and dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant created or had actual notice of the allegedly dangerous condition, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by plaintiff Wayne Clarke when he slipped on a puddle in the bathroom of defendant's store. Supreme Court erred in denying that part of defendant's motion for summary judgment dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant was negligent because it created or had actual notice of the allegedly dangerous condition. We therefore modify the order accordingly. Defendant met its initial burden with respect to those issues and plaintiffs did not address them in their opposition to the motion, "thus implicitly conceding that defendants were entitled to summary judgment to that extent" (*Hagenbuch v Victoria Woods HOA, Inc.*, 125 AD3d 1520, 1521). Plaintiffs' contention that defendant created the allegedly dangerous condition is raised for the first time on appeal and therefore is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Contrary to defendant's contention, we conclude that the court properly denied the motion with respect to the claim that defendant had constructive notice of the allegedly dangerous condition.

Defendant failed to meet its initial burden of establishing that the puddle was not visible and apparent or that it formed so close in time to the incident that defendant could not reasonably have been expected to notice and remedy the condition (*see Rivera v Tops Mkts., LLC*, 125 AD3d 1504, 1505-1506; *Navetta v Onondaga Galleries LLC*, 106 AD3d 1468, 1469-1470; *King v Sam's E., Inc.*, 81 AD3d 1414, 1415).

Entered:  February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court