Lewis v Carrols LLC (2018 NY Slip Op 00646)





Lewis v Carrols LLC


2018 NY Slip Op 00646


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


20 CA 17-01331

[*1]DENISE A. LEWIS, PLAINTIFF-RESPONDENT,
v
CARROLS LLC, DEFENDANT-APPELLANT. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN J. KROGMAN DAUM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered April 12, 2017. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that defendant created the dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped on water in the vestibule of a restaurant owned by defendant. In her complaint, as amplified by her bill of particulars, plaintiff alleged that defendant either created the dangerous condition or had actual or constructive notice of it. Defendant moved for summary judgment dismissing the complaint, and Supreme Court denied the motion.
We conclude that the court erred in denying that part of the motion concerning creation of the dangerous condition, and we therefore modify the order accordingly. Defendant established as a matter of law that it did not create the alleged dangerous condition by submitting evidence that it was raining on the date of the incident and that any accumulation of water was the result of the weather conditions as opposed to an employee spilling anything on the floor (see Costanzo v Woman's Christian Assn. of Jamestown, 92 AD3d 1256, 1257 [4th Dept 2012]; Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc., 15 AD3d 857, 857 [4th Dept 2005]). Plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We further conclude, however, that defendant failed to establish as a matter of law that it lacked actual or constructive notice of the dangerous condition. With respect to actual notice, defendant submitted an affidavit from the restaurant manager establishing that she did not personally observe any dangerous condition in the vestibule when she inspected the area 30 minutes before plaintiff's accident. Nevertheless, defendant failed to submit any evidence establishing that other employees "did not observe any water . . . on the [floor] before [the accident]" (Costanzo, 92 AD3d at 1257), or that defendant "did not receive any complaints about the allegedly wet floor prior to plaintiff's fall" (Seferagic v Hannaford Bros. Co., 115 AD3d 1230, 1231 [4th Dept 2014]).
With respect to constructive notice, we note that "defendant cannot satisfy its burden merely by pointing out gaps in the plaintiff's case, and instead must submit evidence concerning when the area was last cleaned and inspected prior to the accident" (Sabalza v Salgado, 85 AD3d 436, 437-438 [1st Dept 2011]; see Mancini v Quality Mkts., 256 AD2d 1177, 1177-1178 [4th [*2]Dept 1998]). Here, although defendant submitted evidence that the manager performed routine inspections of the vestibule that day, with the last one being 30 minutes before the incident, defendant also submitted the deposition testimony of plaintiff's husband, an employee of the restaurant, who testified that the manager was not even present at the store at the time of the incident and that the assistant manager who was present failed to perform any inspections in the five hours preceding plaintiff's fall. Contrary to defendant's contention, the husband's deposition testimony is not incredible as a matter of law, i.e.,
" manifestly untrue, physically impossible, contrary to experience or self-contradictory' " (Key Bank of N.Y. v Dembs, 244 AD2d 1000, 1000 [4th Dept 1997]).
We thus conclude that " [t]he conflict between [the husband's] deposition testimony and . . . [the manager's] affidavit raises a question of credibility to be resolved at trial' " (Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1470 [4th Dept 2013]). As a result of that conflict, "[a] triable issue of fact exists as to when the [vestibule] was last inspected in relation to the accident and, thus, whether the alleged hazardous condition . . . existed for a sufficient length of time prior to the incident to permit . . . defendant to remedy that condition" (Derise v Jaak 773, Inc., 127 AD3d 1011, 1012 [2d Dept 2015]; see King v Sam's E., Inc., 81 AD3d 1414, 1415 [4th Dept 2011]).
Defendant contends that the allegedly dangerous condition was not visible or apparent and thus not discoverable upon reasonable inspection (see Quinn, 15 AD3d at 857), and that it therefore lacked constructive notice of the condition. We disagree. "The fact that plaintiff did not notice water on the floor before [s]he fell does not establish defendant['s] entitlement to judgment as a matter of law on the issue whether that condition was visible and apparent" (Navetta, 106 AD3d at 1469-1470; see Farrauto v Bon-Ton Dept. Stores, Inc., 143 AD3d 1292, 1293 [4th Dept 2016]; Rivera v Tops Mkts., LLC, 125 AD3d 1504, 1505 [4th Dept 2015]).
In any event, defendant's own evidence established that the water was visible and apparent. In deposition testimony submitted by defendant in support of its motion, plaintiff testified that she observed water after her fall, and her husband testified that he observed that the floor of the vestibule was "wet" (see Navetta, 106 AD3d at 1470; King, 81 AD3d at 1415; cf. Seferagic, 115 AD3d at 1231; Quinn, 15 AD3d at 857).
The failure of defendant to meet its burden concerning the issues related to actual notice and constructive notice required denial of the motion to that extent, "regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court