Lama v Pham (2021 NY Slip Op 04299)





Lama v Pham


2021 NY Slip Op 04299


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


337 CA 20-00386

[*1]PHILIP LAMA, PLAINTIFF-APPELLANT,
v
PETER PHAM, DEFENDANT-RESPONDENT. 






STEINER & BLOTNIK, BUFFALO (RICHARD J. STEINER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HAGELIN SPENCER LLC, BUFFALO (MATTHEW D. PFALZER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered December 17, 2019. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that he sustained when he slipped and fell on a snow-covered piece of debris on defendant's property. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not establish that defendant created the dangerous condition or had actual or constructive notice of the dangerous condition. Supreme Court granted defendant's motion and dismissed the complaint. Plaintiff appeals, and we reverse.
We agree with plaintiff that defendant failed to meet his initial burden on his motion, and thus the court was required to deny the motion "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). It is well settled that "a landowner or occupier of land owes a duty to persons coming upon his or her land to keep it in a reasonably safe condition" (Cox v McCormick Farms, Inc., 144 AD3d 1533, 1534 [4th Dept 2016] [internal quotation marks omitted]). Landowners are liable for a dangerous or defective condition on their property if they "created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it" (Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1318 [4th Dept 2012] [internal quotation marks omitted]). Thus, defendant, as the moving party, had the burden of
" 'establishing that [he] did not create the alleged dangerous condition and did not have actual or constructive notice of it' " (King v Sam's E., Inc., 81 AD3d 1414, 1414-1415 [4th Dept 2011]).
Here, defendant failed to establish that he did not create the dangerous condition and did not have actual or constructive notice of that condition (see generally id.). Defendant's assertion in his moving papers that plaintiff failed to demonstrate that defendant created or had notice of the dangerous condition is insufficient to establish a prima facie case that defendant is not liable as a matter of law (see generally Lewis v Carrols LLC, 158 AD3d 1056, 1056 [4th Dept 2018]), inasmuch as defendant cannot meet his burden on his motion by simply " 'pointing to gaps in [his] opponent's proof' " (Frank v Price Chopper Operating Co., 275 AD2d 940, 941 [4th Dept 2000]). Furthermore, defendant did not submit evidence establishing that he relinquished control over the property such that his duty to maintain the premises was extinguished as a matter of law (see Gronski v County of Monroe, 18 NY3d 374, 380-381 [2011], rearg denied 19 NY3d 856 [2012]; see also Balash v Melrod, 167 AD3d 1442, 1442 [4th Dept 2018]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court