Andrews v JCP Groceries, Inc. (2022 NY Slip Op 05422)

Andrews v JCP Groceries, Inc.

2022 NY Slip Op 05422

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

630 CA 21-01636

[*1]DONNA ANDREWS AND LAWRENCE ANDREWS, PLAINTIFFS-APPELLANTS,
v
JCP GROCERIES, INC., DOING BUSINESS AS SAVE-A-LOT FOOD STORES, DEFENDANT-RESPONDENT. 

ALEXANDER & ASSOCIATES, EAST SYRACUSE (JAMES L. ALEXANDER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
OSBORN, REED & BURKE, LLP, ROCHESTER (MICHAEL C. PRETSCH OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered October 18, 2021. The order granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that defendant had constructive notice of the allegedly dangerous condition, and as modified the order is affirmed without costs.
Memorandum: In this personal injury action arising from an accident in which Donna Andrews (plaintiff) slipped and fell in defendant's supermarket, plaintiffs appeal from an order that granted defendant's motion for summary judgment dismissing the complaint. Generally, "landowners and business proprietors have a duty to maintain their properties in reasonably safe condition" (Cox v McCormick Farms, Inc., 144 AD3d 1533, 1533-1534 [4th Dept 2016]; see Gronski v County of Monroe, 18 NY3d 374, 379 [2011], rearg denied 19 NY3d 856 [2012]). Thus, "[i]n seeking summary judgment, a defendant landowner [or business proprietor] has the initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of a dangerous condition on the premises" (Menear v Kwik Fill, 174 AD3d 1354, 1357 [4th Dept 2019]).
Here, contrary to plaintiffs' contention, defendant met its initial burden on its motion of establishing that it did not have actual notice of any dangerous condition by submitting evidence "that [it] did not receive any complaints concerning the area where plaintiff fell and [was] unaware of any water or other substance in that location prior to plaintiff's accident" (Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]; see Danielak v State of New York, 185 AD3d 1389, 1389-1390 [4th Dept 2020], lv denied 35 NY3d 918 [2020]). In opposition, plaintiffs failed to raise a triable issue of fact with respect to actual notice (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Similarly, defendant met its initial burden on its motion of establishing that it did not create the dangerous condition that caused plaintiff to slip (cf. generally Brown v Simone Dev. Co., L.L.C., 83 AD3d 544, 544-545 [1st Dept 2011]; Henderson v L & K Collision Corp., 146 AD2d 569, 571 [2d Dept 1989]) and, in opposition, plaintiffs failed to raise a triable issue of fact whether defendant created that condition. Thus, we reject plaintiffs' contention that Supreme Court erred in granting the motion in those respects.
We agree with plaintiffs, however, that the court erred in granting the motion with respect to the claim that defendant had constructive notice of the dangerous condition, and we therefore [*2]modify the order accordingly. Defendant failed to meet its initial burden on that issue inasmuch as its own submissions raise triable issues of fact whether the wet floor "was visible and apparent and existed for a sufficient length of time prior to plaintiff's fall to permit [defendant's employees] to discover and remedy it" (Navetta, 106 AD3d at 1469 [internal quotation marks omitted]; see Clarke v Wegmans Food Mkts., Inc., 147 AD3d 1401, 1402 [4th Dept 2017]; King v Sam's E., Inc., 81 AD3d 1414, 1415 [4th Dept 2011]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). Although defendant submitted the affidavit and deposition testimony of its former store manager, in which he indicated that store employees routinely frequented the area and would have looked for dangerous conditions, defendant's evidence failed to establish that the employees actually performed any security sweeps on the day of the incident, or that anyone actually inspected the area in question before plaintiff's fall. Consequently, defendant failed to eliminate all issues of fact with respect to constructive notice (see Farrauto v Bon-Ton Dept. Stores, Inc., 143 AD3d 1292, 1293 [4th Dept 2016]; Johnson v Panera, LLC, 59 AD3d 1118, 1118 [4th Dept 2009]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court