Byrd v Target (2024 NY Slip Op 03252)

Byrd v Target

2024 NY Slip Op 03252

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

148 CA 23-00620

[*1]TANIKA R. BYRD, PLAINTIFF-APPELLANT,
v
TARGET, TARGET CORPORATION AND HYLAN ENTERPRISES, INC., DEFENDANTS-RESPONDENTS. 

DELL & DEAN, PLLC, GARDEN CITY, MISCHEL & HORN, P.C., NEW YORK CITY (ROSS SALVATORE FRISCIA OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (JODY E. BRIANDI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an amended order of the Supreme Court, Monroe County (Craig J. Doran, J.), entered March 16, 2023. The amended order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: In this personal injury action arising from an accident in which plaintiff slipped and fell in the women's restroom of defendant Target Corporation, plaintiff appeals from an amended order that granted defendants' motion for summary judgment dismissing the complaint. We reverse.
Generally, "landowners and business proprietors have a duty to maintain their properties in reasonably safe condition" (Andrews v JCP Groceries, Inc., 208 AD3d 1607, 1607-1608 [4th Dept 2022] [internal quotation marks omitted]). Thus, "[i]n seeking summary judgment, a defendant landowner [or business proprietor] has the initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of a dangerous condition on the premises" (Menear v Kwik Fill, 174 AD3d 1354, 1357 [4th Dept 2019]; see McGirr v Shifflet, 208 AD3d 949, 949 [4th Dept 2022]; Eagan v Page 1 Props., LLC, 171 AD3d 1452, 1453 [4th Dept 2019]). Preliminarily, we note that plaintiff contends on appeal that defendants failed to establish the absence of a dangerous condition on the premises and, alternatively, the lack of constructive notice of any allegedly dangerous condition and has abandoned any claims that defendants created or had actual notice of the allegedly dangerous condition (see generally Arghittu-Atmekjian v TJX Cos., Inc., 193 AD3d 1395, 1395 [4th Dept 2021]).
"[A] defendant moving for summary judgment in a premises liability case can demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that no hazardous condition existed at the premises" (Devoe v Nostrand II Meat Corp., 216 AD3d 738, 739 [2d Dept 2023]). "Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case . . . , and the existence or nonexistence of a defect or dangerous condition is generally a question of fact for the jury" (Wiedenbeck v Lawrence, 170 AD3d 1669, 1669 [4th Dept 2019] [internal quotation marks omitted]; see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]). Here, defendants' own submissions raise a triable issue of fact whether a dangerous condition existed on the premises. Defendants submitted the deposition testimony of plaintiff, who testified that she fell "on something slippery." Although plaintiff did not see anything on the floor before she fell, she testified that "the back of [her] sweatshirt, the back of [*2][her] legs," and her "entire back" were damp after she fell and that the floor was "really shiny[ and] glossy" and had a "medicinal stench." Plaintiff also testified that she told the store manager that "there was something on the floor that [she] slipped on" and denied having described the slippery condition as "droplets of water" on the floor. We therefore conclude that defendants' submissions raised triable issues of fact whether something other than water, incidental to the use of the bathroom, was on the floor "constitut[ing] an 'unreasonably dangerous condition' " (O'Neil v Holiday Health & Fitness Ctrs. of N.Y., 5 AD3d 1009, 1009 [4th Dept 2004]; cf. Keller v Keller, 153 AD3d 1613, 1614 [4th Dept 2017]). We further conclude that, "[a]lthough plaintiff was unable to identify the precise cause of her fall," her testimony regarding the shiny, glossy floor that smelled medicinal rendered "any other potential cause of her fall sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1487 [4th Dept 2014] [internal quotation marks omitted]).
Additionally, we agree with plaintiff that defendants failed to meet their initial burden of establishing that they did not have constructive notice of the dangerous condition (see Steele v Samaritan Found., Inc., 176 AD3d 998, 999 [2d Dept 2019]; Lewis v Carrols LLC, 158 AD3d 1055, 1056 [4th Dept 2018]). Defendants' own submissions "raise triable issues of fact whether the wet floor was visible and apparent and existed for a sufficient length of time prior to plaintiff's fall to permit [defendants' employees] to discover and remedy it" (Andrews, 208 AD3d at 1608 [internal quotation marks omitted]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, defendants were required to "submit evidence concerning when the [room] was last cleaned and inspected prior to the accident" (Propst v Niagara County Jail, 207 AD3d 1197, 1199 [4th Dept 2022] [internal quotation marks omitted]; see Rivera v Tops Mkts., LLC, 125 AD3d 1504, 1505-1506 [4th Dept 2015]). Although defendants submitted the deposition testimony of the store manager, in which she testified that the store was cleaned by a crew every morning and that employees were charged with remedying any dangerous condition that they observed throughout their shifts, defendants' evidence "failed to establish that the employees actually performed any [inspection] on the day of the incident, or that anyone actually inspected the area in question before plaintiff's fall" (Andrews, 208 AD3d at 1609).
Finally, we agree with plaintiff that defendants failed to meet their initial burden on the motion of establishing that defendant Hylan Enterprises, Inc. (Hylan) was an out-of-possession landlord inasmuch as they failed to submit " 'evidentiary proof in admissible form' " with respect to that issue (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; see generally Young v Crescent Coffee, Inc., 222 AD3d 704, 705-706 [2d Dept 2023]). Specifically, defendants submitted the purported lease agreement between Target Corporation and Hylan, which was not authenticated and thus inadmissible (see Dorset v 285 Madison Owner LLC, 214 AD3d 402, 403 [1st Dept 2023]; see also Bou v Llamoza, 173 AD3d 575, 575-576 [1st Dept 2019]; Bush v Kovacevic, 140 AD3d 1651, 1654 [4th Dept 2016]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court