■ MARY A. PUGH, Individually and as Executrix of DANIEL A. PUGH, Deceased, Appellant-Respondent, v JAY JEFFREY, M.D., et al., Appellants, RICHARD G. CURL, M.D., et al., Respondents, et al., Defendant. (Appeal No. 2.) [734 NYS2d 760] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff's decedent was admitted to defendant Millard Fillmore Hospital on February 21, 1994 by his attending physician, defendant John J. Ricotta, M.D., because of suspected vascular insufficiency to his right leg. Decedent's left leg had been amputated below the knee in 1992 due to complications from juvenile-onset diabetes. He was admitted for "angiogram, possible urokinase, possible by-pass procedure." Ricotta left town shortly after decedent's admission, leaving defendant Richard G. Curl, M.D. as the "covering" physician for his patients, although Curl wrote no orders for decedent throughout his hospitalization. On March 1, 1994, a consulting endocrinologist indicated in decedent's chart that decedent's diabetes was "severely out of control" because of the dextran therapy prescribed by Ricotta. Ricotta saw decedent on the morning of March 2, 1994 before leaving town again and did not note any acute condition in decedent's chart. Ricotta again designated Curl as his "covering" physician. Decedent's condition took a precipitous turn for the worse during the evening of March 2, 1994, and decedent died the next morning.

Supreme Court erred in granting the motions of Ricotta, Curl and defendant University Surgical Associates, P. C. (defendants) seeking summary judgment dismissing the complaint against them. Although defendants met their initial burdens, plaintiff raised material issues of fact by her expert's affidavit. According to plaintiff's expert, Ricotta and Curl deviated materially from the standard of care owed to decedent by, *inter alia,* failing to monitor and direct decedent's care and treatment and create a care plan and by administering dextran therapy without carefully monitoring and controlling decedent's blood sugar. Indeed, the court erred in making findings of fact in the context of these motions for summary judgment, stating in its bench decision that "diabetes management is not relevant"; "Ricotta admits [the] patient to the hospital, and follows [the] patient apparently appropriately"; and "on March 2[, 1994] * * * the decedent is in good condition" and

there is "no problem * * * until * * * Ricotta leaves town." On a motion for summary judgment, "[i]ssue-finding, rather than issue-determination, is the key to the procedure" (*Esteve v Abad,* 271 App Div 725, 727; *see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). We therefore modify the order by denying the motions of defendants and reinstating the complaint against them. (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pine, J. P., Scudder, Burns, Gorski and Lawton, JJ.