First Presbyt. Church of Monroe v Vays (2021 NY Slip Op 06606)





First Presbyt. Church of Monroe v Vays


2021 NY Slip Op 06606


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2018-04073 
2018-04088
2018-04089
 (Index No. 1575/16)

[*1]First Presbyterian Church of Monroe, plaintiff-respondent,
v
Boris Vays, et al., defendants third-party plaintiffs-appellants; Smith, Seaman & Quackenbush, Inc., et al., third-party defendants-respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac and Kenneth J. Gorman of counsel), for defendants third-party plaintiffs-appellants.
Drake Loeb PLLC, New Windsor, NY (Stephen J. Gaba of counsel), and Strongin Rothman & Abrams, LLP, New York, NY (David Abrams of counsel), for plaintiff-respondent (one brief filed).
Gordon Rees Scully Mansukhani, LLP, Harrison, NY (Allyson A. Avila of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a covenant in a deed, the defendants third-party plaintiffs appeal from (1) an order and interlocutory judgment (one paper) of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated March 21, 2018, (2) an order of the same court dated March 21, 2018, and (3) an order of the same court, also dated March 21, 2018. The order and interlocutory judgment, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action, granted, in part, that branch of the plaintiff's motion which was for summary judgment on the third cause of action, made certain declarations in favor of the plaintiff, and granted certain injunctive relief to the plaintiff. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment dismissing the first through seventh and tenth counterclaims, and granted, in part, those branches of the plaintiff's motion which were for summary judgment dismissing the eighth and eleventh counterclaims. The second order, insofar as appealed from, granted those branches of the third-party defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and fourth third-party causes of action.
ORDERED that the order and interlocutory judgment is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the first, second, and third causes of action are denied in their entirety; and it is further,
ORDERED that the first order is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment dismissing the first through eighth, tenth, and eleventh counterclaims are denied in their entirety; and it is further,
ORDERED that the second order is reversed insofar as appealed from, on the law, and those branches of the third-party defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and fourth third-party causes of action are denied; and it is further,
ORDERED that one bill of costs is awarded to the defendants third-party plaintiffs, payable by the plaintiff and the third-party defendants appearing separately and filing separate briefs.
The First Presbyterian Church of Monroe (hereinafter the Church) is a religious corporation that owns and operates the Seamanville Cemetery located in Monroe. In October 2014, in connection with the recent death of their son, Boris Vays and Praskovya Vays (hereinafter together the Vayses) were approached by Thomas Sullivan, who was employed by Smith, Seaman & Quackenbush, Inc. (hereinafter SSQI), as its funeral director. The Vayses hired SSQI to provide funeral arrangements and burial services. Among other expenses, the Vayses paid SSQI the sum of $3,600 to purchase three burial plots in the Church's cemetery. On October 31, 2014, the Vayses' son was buried. By deed dated November 2, 2014, the Church conveyed the burial plots to Boris Vays. The deed provided that the conveyance was "for human burial purposes only; subject to each and every rule and regulation in respect to the use of said cemetery which has been, or which may hereafter be, made by the Board of Trustees of said corporation and posted in its office, to which rules and regulations the grantee assents as though made part hereof, as covenants running with the land."
In 2016, the Church commenced this action against the Vayses, inter alia, to recover damages for breach of the foregoing covenant in the deed, alleging, among other things, that the Vayses violated its rules and regulations for the use of the cemetery by erecting a monument that exceeded its prescribed height limitation, and by placing artificial adornments, plants, and brick edging on or around the plots. The Church also sought a judgment declaraing that the covenants had been so breached and injunctive relief related thereto.
The Vayses asserted various counterclaims and thereafter commenced a third-party action against SSQI and Sullivan (hereinafter together the third-party defendants), seeking, in the first third-party cause of action, damages for breach of contract relating to a casket they purchased, and in the fourth third-party cause of action, damages for violations of General Business Law § 349.
Prior to discovery, the Church moved for summary judgment on the complaint and separately moved for summary judgment dismissing the Vayses' counterclaims. The third-party defendants moved pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint. In an order and interlocutory judgment dated March 21, 2018, the Supreme Court, inter alia, granted those branches of the Church's motion which were for summary judgment on the first and second causes of action; granted, in part, that branch of the Church's motion which was for summary judgment on the third cause of action; declared that the covenants had been violated and that the Church had the right to remove the monument, adornments, certain plants, and a portion of the brick edging; and granted related injunctive relief. In an order dated March 21, 2018, the court, among other things, granted those branches of the Church's motion which were for summary judgment dismissing the Vayses' first through seventh and tenth counterclaims, and granted, in part, those branches of the Church's motion which were for summary judgment dismissing the Vayses' eighth and eleventh counterclaims. In a second order dated March 21, 2018, the court, inter alia, granted those branches of the third-party defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and fourth third-party causes of action. The Vayses appeal from all three papers.
The Supreme Court erred in granting those branches of the Church's motion which were for summary judgment on the first and second causes of action, granting, in part, that branch of the Church's motion which was for summary judgment on the third cause of action, granting those branches of the Church's separate motion which were for summary judgment dismissing the first through seventh and tenth counterclaims, and granting, in part, those branches of the Church's separate motion which were for summary judgment dismissing the eight and eleventh counterclaims. At this pre-discovery stage of the action, triable issues of fact remained, including as to whether the Vayses' installations on the burial plots violated rules and regulations of the Church to which the Vayses were subject, whether the Church waived any such violation of the rules with respect to the [*2]monument by pre-approving the Vayses' monument design, and whether Sullivan was either an actual or apparent agent of the Church. "The court's function on a motion for summary judgment is 'to determine whether material factual issues exist, not to resolve such issues'" (Ruiz v Griffin, 71 AD3d 1112, 1115, quoting Lopez v Beltre, 59 AD3d 683, 685).
The Supreme Court also erred in granting those branches of the third-party defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and fourth third-party causes of action. Those third-party causes of action alleged that the Vayses paid $14,025 for a particular casket, but that their son was buried in a different casket, valued at only $3,000. In support of the motion to dismiss, Sullivan averred in an affidavit that the Vayses' son was interred in the casket chosen by the Vayses. This averment did not show that "a material fact as claimed by the pleader to be one is not a fact at all" or otherwise conclusively demonstrate that the Vayses had no cause of action (Francisco v Kiara Foods, Inc., 197 AD3d 563, 564 [internal quotation marks omitted]; see Sokol v Leader, 74 AD3d 1180, 1181-1182). Accordingly, those branches of the third-party defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and fourth third-party causes of action should have been denied.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court