Lester v FD Capital, LLC (2024 NY Slip Op 02640)

Lester v FD Capital, LLC

2024 NY Slip Op 02640

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

329 CA 23-00723

[*1]OLIVIA LESTER, PLAINTIFF-APPELLANT,
v
FD CAPITAL, LLC, DEFENDANT-RESPONDENT. 

CELLINO LAW, LLP, ROCHESTER (ROBERT L. VOLTZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, JAMESVILLE (DANIEL K. CARTWRIGHT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Gail Donofrio, J.), entered February 17, 2023. The order granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint to the extent that it alleges that defendant had constructive notice of the allegedly dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she fell while attempting to enter a side door of a house owned by defendant. In her complaint, plaintiff alleged, inter alia, that defendant had actual or constructive notice of the allegedly dangerous condition, i.e., the height differential between the sidewalk and the threshold of the side door. Defendant moved for summary judgment dismissing the complaint, and plaintiff opposed the motion, arguing that there were triable issues of fact with respect to the theories of actual and constructive notice. We conclude that Supreme Court properly granted the motion with respect to the negligence claim insofar as it is predicated on the theories of creation of a dangerous condition and actual notice thereof, but erred in granting the motion with respect to the theory of constructive notice.
Generally, landowners "have a duty to maintain their properties in reasonably safe condition" (Andrews v JCP Groceries, Inc., 208 AD3d 1607, 1607-1608 [4th Dept 2022] [internal quotation marks omitted]). Thus, "[i]n seeking summary judgment, a defendant landowner has the initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of a dangerous condition on the premises" (Menear v Kwik Fill, 174 AD3d 1354, 1357 [4th Dept 2019]).
Initially, we agree with plaintiff that the court erred in finding that she fell after her "foot became trapped as the door was closing," rather than as a result of the alleged dangerous condition. "The court's function on a motion for summary judgment is to determine whether factual issues exist, not to resolve such issues" (First Presbyt. Church of Monroe v Vays, 199 AD3d 986, 989 [2d Dept 2021] [internal quotation marks omitted]; see Glennon v West Taft Rd. Assoc., LLC, 215 AD3d 1246, 1247 [4th Dept 2023]; Pugh v Jeffrey, 289 AD2d 946, 947 [4th Dept 2001]). Even assuming, arguendo, that the deposition testimony of plaintiff submitted by defendant could support such a finding, we agree with plaintiff that her testimony, "when considered in a light most favorable to plaintiff" (Monnin v Clover Group, Inc., 187 AD3d 1512, 1514 [4th Dept 2020] [internal quotation marks omitted]), further raised an issue of fact whether she tripped over the height differential between the sidewalk and the threshold of the doorway.
Contrary to plaintiff's contention, however, defendant met its initial burden on its motion [*2]of establishing that it did not create the dangerous condition that allegedly caused plaintiff to trip and fall (see Andrews, 208 AD3d at 1608). Plaintiff did not oppose the motion with respect to the issue of creation of the dangerous condition, " 'thus implicitly conceding that defendant[ ] [was] entitled to summary judgment to that extent' " (Mills v Niagara Frontier Transp. Auth., 163 AD3d 1435, 1437 [4th Dept 2018]). Defendant also met its initial burden on its motion with respect to actual notice by submitting evidence "that [it] did not receive any complaints concerning the area where plaintiff fell" (Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]; see Danielak v State of New York, 185 AD3d 1389, 1389-1390 [4th Dept 2020], lv denied 35 NY3d 918 [2020]). In opposition, plaintiff failed to raise a triable issue of fact with respect to actual notice (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, we reject plaintiff's contention that the court erred in granting the motion in those respects.
We agree with plaintiff, however, that the court erred in granting the motion with respect to the claim that defendant had constructive notice of the dangerous condition, and we therefore modify the order accordingly. Defendant failed to meet its initial burden on that issue inasmuch as its own submissions raise triable issues of fact whether the height differential between the sidewalk and the threshold of the doorway "was visible and apparent and existed for a sufficient length of time prior to plaintiff's fall to permit [defendant] to discover and remedy it" (Navetta, 106 AD3d at 1469
[internal quotation marks omitted]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court